1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

BERNELL DUPLESSIS, individually,

11
|  |  |
|---|---|
| Plaintiff, | CASE NO. C06-5631RJB |

12
v.

13
GOLDEN STATE FOODS, a Delaware        ORDER DENYING PLAINTIFF'S
Corporation doing business in Washington     MOTION TO REMAND/AMEND
14
State; DANIEL VAN HOOZER, individually,    COMPLAINT AND REMAND TO
and JANE DOE VAN HOOZER, individually,    WASHINGTON STATE
15
and the marital community composed thereof   SUPERIOR COURT WITHOUT
PREJUDICE
16
Defendants.

17
        This matter comes before the Court on the Plaintiffs' Motion to Remand/Amend
18
Complaint and to Remand to Washington State Superior Court (Dkt. 6). The Court has
19
considered the pleadings filed in support of and in opposition to the motion and the file herein.
20
### I. FACTUAL AND PROCEDURAL BACKGROUND
21
        The plaintiff has been an employee of defendant Golden State Foods for twelve years and
22
brings the following claims: (1) racial discrimination in violation of RCW 46.60 *et seq.*; (2) hostile
23
work environment in violation of RCW 46.60 *et seq.*; (3) disparate treatment in violation of RCW
24
46.60 *et seq.*; (4) disparate impact in violation of RCW 46.60 *et seq.*; (5) unlawful retaliation; (6)
25
negligence, negligent infliction of emotional distress, and negligent hiring, retention, and
26
supervision; (7) intentional infliction of emotional distress, outrage, assault, and battery; and (8)
27
equal rights under the law (42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964). Dkt.
28

ORDER
Page 1

1  1-2, Exh. OO at 25-26 (Second Amended Complaint), Dkt. 6 at 3. The Second Amended

2  Complaint, adding references to 42 U.S.C. §1981 and Title VII, was filed on October 12, 2006.

3  Dkt. 1-2, Exh. OO at 25-26. On October 30, 2006, the defendants removed the case to federal

4  court. The plaintiff now moves for the following relief: (1) remand of the case to Washington

5  State Superior Court, (2) remand of the state law claims to Pierce County Superior Court, or (3)

6  leave to amend the complaint to delete references to federal law and remand to Pierce County

7  Superior Court, in which case the plaintiff will file his federal claims separately in federal court.

8  Dkt. 6 at 1.

9  **II. DISCUSSION**

10  **A. PROPER REMOVAL**

11          Defendants may remove to federal court "any civil action brought in a State court of

12  which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(b).

13  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws,

14  or treaties of the United States." 28 U.S.C. §1331. The removal statute is strictly construed in

15  favor of remand, and the burden of establishing federal jurisdiction is on the defendant. *Duncan v.*

16  *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

17          The presence or absence of federal question jurisdiction is governed by the well-pleaded

18  complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded

19  complaint rule provides that federal question jurisdiction exists only when a federal question is

20  presented on the face of the plaintiff's properly pleaded complaint. *Id.* The plaintiff is said to be

21  the master of her complaint because she can avoid federal jurisdiction by relying solely on state

22  law. *Id.*

23          Mr. Duplessis contends that the removal was improper because "the violation of  42

24  U.S.C. §1981 and [T]itle VII action alleged in the Plaintiff's [Second Amended C]omplaint does

25  [sic] not constitute independent federal claims but simply add an alternative theory for recovery of

26  punitive damages *under state law*, which incorporates federal law." Dkt. 6 at 6 (emphasis added).

27  Specifically, the plaintiff contends that the Washington Law Against Discrimination ("LAD")

28

ORDER
Page 2

1   impliedly authorizes recovery of punitive damages because it allows plaintiffs to recover "any

2   other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964

3   as amended." RCW 49.60.030(2). The plaintiff makes no such contention to justify the Second

4   Amended Complaint's reference to 42 U.S.C. §1981.

5       As a threshold matter, the Court notes that the language of the Second Amended

6   Complaint does not explicitly support the plaintiff's reading. The Second Amended Complaint

7   lists eight "claims for relief." Dkt. 1-5, Exh. OO at 25. The eighth paragraph simply states, "Equal

8   Rights under the law (42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964): Plaintiff

9   incorporates all prior assertions in this [Second Amended] Complaint as the proximate cause of

10  Plaintiff's injuries." *Id.* at 26. This language does not suggest that 42 U.S.C. §1981 and Title VII

11  of the Civil Rights Act of 1964 are referenced only as elements of the plaintiff's state law claims.

12      In *Dailey v. North Coast Life Ins. Co.*, 129 Wn.2d 572, 577 (1996), the Washington

13  Supreme Court squarely rejected the plaintiff's construction of the LAD, holding that [i]f the

14  Legislature intended to make punitive damages available for employment discrimination under the

15  LAD, it would have unambiguously so provided. If the plaintiff seeks punitive damages, he cannot

16  do so under the LAD. As the master of his complaint, the plaintiff could have elected to bring

17  only state claims. Instead, he amended his complaint to add references to Title VII and 42 U.S.C.

18  §1981 in order to facilitate recovery of punitive damages. These references therefore constitute

19  separate federal claims conferring original jurisdiction on this Court. Removal was proper.

20  **B. AMENDMENT**

21      The plaintiff seeks leave of court to file a third amended complaint omitting federal claims

22  and asks the Court to then decline to exercise jurisdiction over remaining state claims. Dkt. 6 at 6.

23  The plaintiff intends to file a separate action in federal court to assert his federal claims. *Id.* at 8.

24      Federal rule 15(a) provides that leave to amend "shall be freely given when justice so

25  requires."  Whether to grant a motion to amend is within the discretion of the court. *DCD*

26  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). Courts should be mindful of

27  Federal Rule 15's purpose of facilitating a decision on the merits rather than on a technicality. *Id.*

28

ORDER
Page 3

1  at 186. In deciding whether to allow amendment, courts consider four factors: bad faith, undue

2  delay, prejudice to the opposing party, and futility of amendment. *Id.* The Court should decline to

3  allow Mr. Duplessis to amend his complaint to omit his federal claims only to then file those

4  claims in a separate federal lawsuit. The Court should also decline to remand only the plaintiff's

5  state claims. To hold otherwise would likely require simultaneous adjudication of the same facts in

6  different forums, which would be highly prejudicial to the defendants and would not serve the

7  ends of justice.

8       Dismissal of the plaintiff's federal claims with prejudice would likely ameliorate the

9  prejudice to the defendants. If he so desires, the plaintiff should be allowed to seek dismissal of his

10  federal claims with prejudice and to again move for remand. The Court's denial of the plaintiff's

11  motion should therefore be without prejudice.

12  **C. LATE FILED DOCUMENTS**

13       Since the court's drafting of the foregoing, plaintiff has filed an Amended Complaint (Dkt.

14  10) without leave of court.  The status of that document is in question due to FRCP 15.  Also,

15  each party has filed supplemental briefing which the court has considered (Dkts. 11 & 12).  None

16  of these last-minute filings have changed the court's initial analysis.

17  /

18  /

19  /

20  /

21  /

22  /

23  /

24

25

26

27

28

ORDER
Page 4

**III. ORDER**

Therefore, it is hereby

**ORDERED** that the Plaintiffs' Motion to Remand/Amend Complaint and to Remand to Washington State Superior Court (Dkt. 6)is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of December, 2006.


Robert J. Bryan
United States District Judge

ORDER
Page 5