Duplessis v. Golden State Foods Inc et al
Case 3:06-cv-05631-RJB   Document 61   Filed 04/19/2007   Page 1 of 3
Doc. 61

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERNELL DUPLESSIS, individually,

Plaintiff,

v.

GOLDEN STATE FOODS, a Delaware Corporation doing business in Washington State; DANIEL VAN HOOZER, individually, and JANE DOE VAN HOOZER, individually, and the marital community composed thereof

CASE NO. C06-5631RJB

ORDER ON MOTION FOR RECONSIDERATION AND MODIFICATION OF THE COURT'S SUMMARY JUDGMENT ORDERS OF APRIL 16, 2007

This matter comes before the Court on Defendants' Motion for Reconsideration and Modification of the Court's Summary Judgment Orders of April 16, 2007 (Dkt. 60). The Court has considered the motion and the remainder of the file herein.

**I. BACKGROUND**

On April 16, 2007, the Court granted the defendants' motions for summary judgment but did not dismiss the plaintiff's claims for assault and battery. Dkt. 59 at 18 ("The defendants' briefs do not address the plaintiffs' assault and battery claims. These are therefore the only claims remaining for trial."). The defendants move for reconsideration on the grounds that their motions sought dismissal of all claims. Dkt. 60 at 1. The defendants contend that they "established through [their] extensive briefing and citations to Plaintiff's deposition that Plaintiff has no factual support

ORDER
Page 1

for his claims of assault and battery." Dkt. 60 at 1-2. The defendants do not cite the portions of their briefs establishing that the plaintiff's assault and battery claims are without merit.

## II. DISCUSSION

The burden on a motion for reconsideration is high:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). The defendants offer new argument and authority regarding the assault and battery claims and ask the Court to "convert this motion [for reconsideration] to Defendants Motion for Summary Judgment on Plaintiff's Assault and Battery Claims" if "the Court determines that Defendants' request is not properly the subject of a motion for reconsideration." Dkt. 60 at 2 n.1. Reconsideration is not appropriate here, but following the defendants' suggestion will allow the Court to consider the merits of the parties' positions, and will allow a due process opportunity to brief and respond to the issue of whether the plaintiff has viable claims for assault and battery.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration and Modification of the Court's Summary Judgment Orders of April 16, 2007 (Dkt. 60) is **CONVERTED** to a Motion for Summary Judgment and is **RE-NOTED** for consideration on May 11, 2007. Pleadings may be filed in accordance with the Local Rules.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER
Page 2

1     Dated this 19th day of April, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge